14-344
*John Wiley & Sons, Inc. v. Kirtsaeng*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 27th day of May, two thousand fifteen.

Present:      ROBERT A. KATZMANN,
                     *Chief Judge*,
                JOHN M. WALKER, JR.,
                DENNY CHIN,
                     *Circuit Judges.*

_____

JOHN WILEY & SONS, INC.,

          *Plaintiff-Appellee*,

          - v -                                            No. 14-344-cv

SUPAP KIRTSAENG, DBA BLUECHRISTINE99,

          *Defendant-Appellant*,

JOHN DOE, 1-5,

          *Defendants.*

_____

For Plaintiff-Appellee:          PAUL M. SMITH, Jenner & Block LLP, Washington, D.C.

                                 Matthew J. Oppenheim, Oppenheim + Zebrak, LLP,
                                 Washington, D.C.

1

For Defendant-Appellant:    ANDREW D. SILVERMAN (E. Joshua Rosenkranz, Annette L. Hurst, Lisa T. Simpson, *on the brief*), Orrick, Herrington & Sutcliffe LLP, New York, New York

Appeal from the United States District Court for the Southern District of New York (Pogue, *J.*[1]).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the order of the district court is hereby **AFFIRMED**. The defendant-appellant appeals from the district court's December 20, 2013, order denying his motion for attorneys' fees under § 505 of the Copyright Act. We assume the parties' familiarity with the relevant facts, the procedural history of the case, and the issues presented for review.

The Copyright Act of 1976, 17 U.S.C. § 505, provides that a district court may "in its discretion" award attorneys' fees to a prevailing party in a copyright action. The district court is not bound by any "precise rule or formula" when evaluating whether an award of fees is warranted. *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534 (1994) (internal quotation marks omitted). Instead, "equitable discretion should be exercised in light of the [relevant] considerations," which include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 534 & n.19 (internal quotation marks omitted). "The standard of review of an award of attorney's fees is highly deferential to the district court." *Alderman v. Pan Am World Airways*, 169 F.3d 99, 102 (2d Cir. 1999) (internal quotation marks omitted). "Attorney's fees must be reasonable in terms of the circumstances of the particular case, and the district court's determination will be reversed on appeal only for an abuse of discretion." *Id.*

---

[1] Chief Judge Donald C. Pogue of the United States Court of International Trade, sitting by designation.

Here, in its thorough opinion, the district court properly placed "substantial weight" on the reasonableness of John Wiley & Sons' position in this case. *Matthew Bender & Co. v. W. Pub'g Co.*, 240 F.3d 116, 122 (2d Cir. 2001). John Wiley & Sons prevailed both in the district court and in its initial appeal, only to ultimately lose in a split decision by the United States Supreme Court. Accordingly, the district court correctly found—and the appellant does not seriously contest—that John Wiley & Sons pursued an objectively reasonable litigation position. And as we explained, "the imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act." *Id.* Although the appellant seeks to limit *Matthew Bender* as applying only to those cases where the prevailing defendant did not advance the purposes of the Copyright Act, *Matthew Bender* specifically explained that its "emphasis on objective reasonableness [was] firmly rooted in [the Supreme Court's] admonition that any factor a court considers in deciding whether to award attorneys' fees must be 'faithful to the purposes of the Copyright Act.'" *Id.* (quoting *Fogerty*, 510 U.S. at 534 n.19).

Moreover, there is no merit to the appellant's contention that the district court "fixated" on John Wiley & Sons' objective reasonableness at the expense of other relevant factors. Appellant's Br. at 36. To the contrary, the district court expressly recognized that *Matthew Bender* "reserved a space for district courts to decide that other factors may . . . outweigh the objective unreasonableness factor." *John Wiley & Sons, Inc. v. Kirtsaeng*, No. 08-CV-7834 (DCP), 2013 WL 6722887, at *3 (S.D.N.Y. Dec. 20, 2013) (citing *Matthew Bender*, 240 F.3d at 122). And while we may not agree in every instance with the district court's evaluation of these

3

other factors,[2] we see no abuse of discretion in the district court's overall conclusion that, in the circumstances of this case, these factors did not outweigh the "substantial weight" afforded to John Wiley & Sons' objective reasonableness.

We have considered the appellant's remaining arguments, and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

.

        FOR THE COURT:
        CATHERINE O'HAGAN WOLFE, CLERK

---

[2] In particular, we respectfully question the conclusion that considerations of compensation did not favor a fee award because the appellant was represented pro bono at the Supreme Court. Preventing litigants who are represented by pro bono counsel from receiving fees may decrease the future availability of pro bono counsel to impecunious litigants, who may, in the absence of pro bono representation, abandon otherwise meritorious claims and defenses. This runs counter to *Fogerty*'s instruction that courts should exercise their discretion under § 505 so as to encourage the litigation of meritorious claims and defenses, because "it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible." *Fogerty*, 510 U.S. at 527. However, as explained herein, while we may respectfully part ways with this particular portion of the district court's thoughtful analysis, we perceive no abuse of discretion in the overall conclusion that fees are not warranted in this case.

4